**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| In Re Athens/Alpha Gas Corporation, a | ) | **ORDER DISMISSING APPEAL** |
| Texas Corporation, | ) | |
| | ) | Case No. 1:06-cv-054 |
| Debtor. | ) | |

On June 28, 2006, Athens/Alpha Gas Corporation appealed the May 16, 2006, Order of

Bankruptcy Judge William A. Hill which denied Athens/Alpha Gas Corporation's motion for

extension of time to file an appeal.  Rule 8009 of the Bankruptcy Rules requires that the appellant

(in this case, Athens/Alpha Gas Corporation) "file a brief within 15 days after entry of the appeal

on the docket pursuant to Rule 8007."  While the Eighth Circuit has not opined on what triggers the

15-day period, other jurisdictions have concluded that the 15-day period begins to run on the date

the notice required under Rule 8007(b) is sent.  Rule 8007(b) provides:

> On receipt of the transmission the clerk of the district court or the clerk of the
> bankruptcy appellate panel shall enter the appeal in the docket and give notice
> promptly to all parties to the judgment, order, or decree appealed from of the date on
> which the appeal was docketed.

It is unclear from the record whether the parties received the notice as required by Rule 8007(b).

The record reflects that electronic notice was sent to Respondent's counsel.  The record does not

reflect whether counsel for Athens/Alpha Gas Corporation received notice.

In any event, the Court finds that the appellant had notice of the docketing of the appeal by

virtue of the Court's December 28, 2006, Order setting a briefing schedule with a deadline of

January 22, 2007, for Athens/Alpha Gas Corporation to file a brief in support of its appeal.  It is

undisputed that Athens/Alpha Gas Corporation failed to comply with this deadline.

On February 1, 2007, Respondents Robert Hallmark and William R. Austin filed a "Motion

to Dismiss Appeal."  The Respondents assert that because Athens/Alpha Gas Corporation has failed

to comply with the Court's briefing schedule, the appeal should be dismissed.  On February 16, 2007, Athens/Alpha Gas Corporation filed a response which failed to set forth any explanation as to why Athens/Alpha Gas Corporation failed to file a brief by the January 22, 2007, deadline.

There is no dispute that Athens/Alpha Gas Corporation has failed to adhere to the Court's generous briefing schedule.  This appeal has languished on the Court's docket for over eight months during which Athens/Alpha Gas Corporation has made no effort to comply with the Court's orders. Nor did the motion to dismiss by the Respondents trigger a meaningful response by Athens/Alpha Gas Corporation.  The Court finds that the pattern of dilatory conduct in the prosecution of the appeal by Athens/Alpha Gas Corporation's is grounds for the extraordinary remedy of dismissal of the appeal.  See In re Quevedo, 35 B.R. 117, 118 (D. P.R. 1983).  The Court **GRANTS** the Respondents' motion (Docket No. 4) and **ORDERS** that the case be dismissed .  The Court also directs the Clerk of Court to send a copy of this order and to return the original documents to the Clerk of the Bankruptcy Court pursuant to Bankruptcy Rule 8016.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2007.


*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court